UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-427-FDW

| | |
|---|---|
| MARTE EDWARDS, )<br>)<br>　　　　Petitioner, )<br>)<br>　v. )<br>)<br>CHIPP BAILEY, )<br>ROY COOPER, )<br>STATE OF NORTH CAROLINA, )<br>)<br>　　　　Respondents. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on an initial review of Petitioner's habeas petition which was filed pursuant to 28 U.S.C. § 2254. See Rule 4 of the Rules Governing Section 2254 Cases.

In his pro se habeas petition, the Petitioner raises a host of challenges to the State's ability to prosecute him for criminal charges which he does not identify in his petition. For instance, Petitioner contends that "he was an involuntary party to unconstitutional warrants, criminal actions in rem and in personance, and foreign judgments. (3:14-cv-427, Doc. No. 1: Petition at 6). Petitioner also pleads that he never waived his sovereign immunity from civil or criminal prosecution, and that he "is not by state statutory construction or by federal or state constitutions a person subject to the obligations and or liabilities to general law and punishments . . ." (Id.)

Petitioner identifies himself as a current pretrial detainee that is housed in the Mecklenburg County Jail and according to the website of the Mecklenburg County Sheriff's

1

Office, Petitioner is facing a number of charges that include, among others, first-degree murder, attempted first-degree murder, two counts of robbery with a dangerous weapon and two counts of conspiracy to commit robbery with a dangerous weapon.

Petitioner has provided no evidence that he has yet been convicted of any of the pending charges. Section 2254 petitions are limited to a challenge to the legality of a State judgment and only after the petitioner has exhausted all of his available State remedies, or there is an absence of available State remedies to challenge the judgment, or there are circumstances which demonstrate that failure to consider the petition would fail to protect the rights of the petitioner. See 28 U.S.C. § 2254(b)(1)(A)(B)(i)-(ii).

In addition, to the extent Petitioner seeks federal intervention in ongoing State criminal proceedings, Petitioner's claims for relief will be dismissed without prejudice as he has failed to demonstrate any of the extraordinary circumstances which could support such an intervention. Although he does allege violations of his right to due process and equal protection, among other wrongs, he has plainly failed to establish that he has been precluded from pursuing such challenges before the State court in the first instance. See Younger v. Harris, 401 U.S. 37, 45 (1971). For the foregoing reasons, this § 2254 petition will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's petition for a writ of habeas corpus is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

2

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 14, 2014

Frank D. Whitney
Chief United States District Judge